Filed 9/30/13  P. v. Crabtree CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058848 |
| v. | (Super.Ct.No. FCF1291) |
| REBECCA CRABTREE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A.Smith, Judge.  Affirmed.

Jamie Popper, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant, Rebecca Crabtree, is serving 29 years in prison after a jury convicted her in 2000 of attempted murder (Pen. Code, §§ 664/187, subd. (a))[1] and found true allegations that she personally used a firearm (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b)) and personally and intentionally discharged a firearm (§ 12022.53, subd. (c)).

In April 2013, defendant petitioned the superior court to recall her sentence under section 1170.126. The trial court denied the petition on the grounds that defendant's commitment offense, attempted murder, is a severe and violent felony that disqualifies defendant from resentencing under section 1170.126, subdivision (e), and that she was not sentenced under the Three Strikes Law in the first place, having been sentenced to 9 years for the attempted murder and 20 years for the firearm enhancement.

This appeal followed.

## DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief summary of the facts, and identifying one potential arguable issue: did the trial court err in denying defendant's petition for recall of sentence under Penal Code section 1170.126?

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Defendant was offered an opportunity to file a personal supplemental brief, which she has done. Defendant sets forth three grounds for appeal. First, defendant vaguely asserts her counsel was ineffective based on her having been assigned three different public defenders and having been coerced into signing a time waiver for the preliminary hearing. Defendant also states the trial court violated her First Amendment rights by imposing the maximum sentence. Finally, defendant argues the trial court misstated the facts at sentencing and the prosecution failed to disclose evidence that could have been used to impeach the victim, that is, a medical report stating the victim had been drinking and had a history of depression. None of these issues are cognizable in this appeal, which is limited to issues related to the denial of defendant's petition for recall of sentence.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

### DISPOSITION

The trial court's ruling denying defendant's petition for recall of resentence under section 1170.126 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

KING
J.

3